**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**ANTHONY LEONARD FLOYD,**       :

                                                    :

     **Plaintiff**                   **CIVIL ACTION NO. 3:16-0278**

                                                    :

     **v**

                                                    :         **(JUDGE MANNION)**

**DEPT. OF CORR. , et al.,**

                                                    :

**MEMORANDUM**

**I. Background**

Plaintiff, Anthony Leonard Floyd, an inmate confined in the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Plaintiff names as Defendants the Pennsylvania Department of Corrections, and Mr. Bloush, a SCI-Camp Hill employee. Id. Plaintiff alleges that he was "denied GLP pay and medical pay and was also denied employment because of [his] handicap in which [he] walks with a cane. Id. Specifically, he claims that Defendant Bloush "denied [him] GLP pay - medical pay and employment stating [he] was a temporary transfer that [he] wasn't eligible for any GLP pay or medical pay or employment due to [him] being handicap [he] was denied employment." Id. For relief, Plaintiff seeks

compensatory and punitive damages. Id. By Order dated February 18, 2016, Defendant, the Pennsylvania Department of Corrections, was dismissed as a Defendant in the above captioned action, and process was issued as to Defendant Bloush. (Doc. 9, Order).

On April 28, 2016, Defendant Bloush filed a motion to dismiss Plaintiff's complaint, pursuant to Federal Rules of Civil Procedure 12(b)(6) and, on May 6, 2016, he filed a brief in support. (Docs. 20, 21).

By Order dated August 18, 2016, the Court directed Plaintiff to file a brief in opposition to Defendant's pending motion to dismiss. (Doc. 22). The Court forewarned Plaintiff that his failure to file a brief in opposition on, or before, September 6, 2016, would result in the motion being deemed unopposed and granted without a merits analysis. Id. To date, Plaintiff has neither filed a brief in opposition to Defendant's motion, nor requested an enlargement of time within which to do so.

**II. Discussion**

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d

29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Adequate grounds have been established for the extreme sanction of dismissal. Plaintiff's brief in opposition to Defendant's motion to dismiss was originally due on May 20, 2016. At this point, the Court has been waiting for

more than five months for Plaintiff to move the litigation forward and can only conclude that he is personally responsible for failing to comply with Court orders. Plaintiff's failure to litigate this claim or comply with this Court's August 18, 2016 Order, directing a response, now wholly frustrates and delays the resolution of this action. In such instances, the Defendants are plainly prejudiced by the Plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal). However, regardless of a response, the factor that weighs most heavily in favor of dismissal is the lack of merit to Plaintiff's claim.

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The standard for a Rule 12(b)(6) motion to

dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. A claim, or defense is considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff. Id.

Plaintiff alleges that Defendant Bloush denied him General Labor Pool pay, medical pay and employment because he was a "temporary transfer" to SCI-Camp Hill. (Doc. 1, complaint). However, "a state inmate does not have a liberty or property interest in prison employment." Fidtler v. Pa. Dept. of Corrections, 55 Fed.Appx. 33 (3d Cir. 2002)(citing Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975)). The District Courts of this Circuit have reached the same conclusion with respect to GLP pay. See Watson v. Wetzel, 2013 WL 501376, *6, (W.D. Pa. 2013) (inmate "has no constitutionally protectable interest in maintaining prison employment or receiving GLP compensation). See also McCoy v. Chesney, 1996 WL 119990 (E.D. Pa. 1996) (an inmate has no liberty interest in idle pay arising from the Due Process Clause). As Plaintiff has not alleged any facts sufficient to establish a deprivation of a Constitutional right, he has failed to state a claim upon which relief can be granted.[1]

---

[1] To the extent that Plaintiff attempts to allege a claim under the American with Disabilities Act, 42 U.S.C. §12112, prison inmates are not considered employees under Title I and are, thus, not entitled to that Title's protections." Parms v. Harlow, 2012 WL 4540275, at *3 (W.D. Pa. 2012), report and

Accordingly, Plaintiff's complaint is subject to dismissal as being legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). However, it is clear that the majority of the six factors weigh heavily in favor of Defendant Bloush and dismissal of the action for failure to prosecute.

### III. Conclusion

Based upon the present circumstances, dismissal of this action for failure to prosecute is warranted under the standards announced in Poulis and Stackhouse. A separate Order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   November 7, 2016**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-0278-01.wpd

---

recommendation adopted, 2012 WL 4511423 (W.D. Pa. Oct. 2, 2012). See also, Battle v. Minnesota Dept. of Corrections, 40 Fed.Appx. 308 (8th Cir. 2002) (upholding dismissal of inmate's claim under Title I of the ADA because inmate was not an employee for purposes of that Title); Murdock v. Washington, 193 F.3d 510, 512 (7th Cir.1999) (concluding that Title I of the ADA does not apply to inmates).